UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:
Maria Christine Warren                                    Case No. 24-24160-rmb
    Debtor.                                            Chapter 7

---

Maria Christine Warren
    Plaintiff,

v.

Saint Georges University, LTD
Education Investment Company, LLC
Navient Corporation, CU REVL LLC,
United States Department of Education

                            Adv. Proc. No. 24-2151-rmb

    Defendants

---

## DECLARATION OF HEIDI N. MILLER IN SUPPORT OF PLAINTIFF'S SUMMARY JUDGMENT MOTION

I, Heidi N. Miller, pursuant to 29 U.S.C. 1746, declare under penalty of perjury the following:

1. I represent the Plaintiff in this action, Maria Christine Warren.

2. Attached as Exhibit A is a true and correct copy of Plaintiff's Response to Defendant CU REVL LLC's First Discovery Request.

3. Attached as Exhibit B is a true and correct copy of CU REVL, LLC'S Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents.

Dated this 16th day of June, 2025.

                                            s/ Heidi N. Miller

Atty Heidi N. Miller
HNM Law LLC
PO Box 26273
Wauwatosa, WI 53226
P: 414-306-7000
F: 414-306-7000
E: heidi@hnm-law.com

Heidi N. Miller (WI# 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:
Maria Christine Warren                                      Case No. 24-24160-rmb
    Debtor.                                       Chapter 7

---

Maria Christine Warren
    Plaintiff,

v.

Saint Georges University, LTD
Education Investment Company, LLC
Navient Corporation, CU REVL LLC,
United States Department of Education,

                                                                            Adv. Proc. No. 24-2151-rmb

    Defendants

---

**PLAINTIFF'S RESPONSE TO DEFENDANT CU REVL LLC'S
FIRST DISCOVERY REQUEST**

---

### REQUESTS FOR ADMISSIONS

REQUEST NO. 1: Admit that Plaintiff attended St. George University School of Veterinary Medicine from August 2008 to December 2012.

    Answer: Admit

REQUEST NO. 2: Admit that Plaintiff graduated from St. George University School of Veterinary Medicine in January 2013.

    Answer: Admit

REQUEST NO. 3: Admit that Plaintiff attended Cornell University for clinical training.

    Answer: Admit. However, Plaintiff states that the loans at issue were taken out prior to her clinical year at Cornell University.

REQUEST NO. 4: Admit that Cornell University is an "eligible educational institution" qualified to participate in Title IV programs.



Answer: Objection, calls for a legal conclusion. To the extent that an answer is required, Plaintiff states that she does not have knowledge to answer this request. Plaintiff states that the loans at issue were taken out prior to her clinical year at Cornell University.

REQUEST NO. 5: Admit that St. George University School of Veterinary Medicine received full accreditation from the American Veterinary Medical Association ("AVMA") in 2011.

Answer: Objection, calls for a legal conclusion. To the extent that an answer is required, Plaintiff states that she does not have knowledge to answer this request.

REQUEST NO. 6: Admit that Plaintiff graduated from St. George University School of Veterinary Medicine with an accredited degree.

Answer: Admit

REQUEST NO. 7: Admit that all Plaintiff's student loans were used for an "educational purpose."

Answer: Objection, calls for a legal conclusion. To the extent that an answer is required, Plaintiff states that she does not have knowledge to answer this request.

REQUEST NO. 8: Admit that Plaintiff was a full-time student during her attendance at St. George University School of Veterinary Medicine.

Answer: Admit

REQUEST NO. 9: Admit that Plaintiff was a full-time student during her clinical year at Cornell University.

Answer: Admit. However, Plaintiff states that the loans at issue were taken out prior to her clinical year at Cornell University.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify all persons who provided information in answering or responding to these Requests for Admission, Interrogatories and Requests for Production of Documents.

Answer: Plaintiff answers these Requests for Admission, Interrogatories and Requests for Production of Documents with assistance of counsel.

INTERROGATORY NO. 2: For the loans at issue in the Complaint, identify if Plaintiff received any loan surplus after St. George University School of Veterinary Medicine applied the loan payments to tuition and if so, for each loan identify the amount of such surplus and how the loan surplus was applied.

Answer: Plaintiff states that for her loans at issue, the loans were paid directly to St. George University and then St. George University would issue her a check for living expenses (usually a couple thousand dollars per semester). Plaintiff does not know the percentage of the loan that was issued to her from St. George University. The money was used for school supplies, rent, food, and transportation.

INTERROGATORY NO. 3: For the loans at issue in the Complaint, identify how Plaintiff's loan proceeds were used during her clinical training at Cornell University.

Answer: Plaintiff states that the loans at issue were taken out prior to her clinical year at Cornell University and were not used for her clinical year at Cornell University.

INTERROGATORY NO. 4: Identify what, if any, degree, certification or other form of accreditation Plaintiff received from Cornell University.

Answer: Plaintiff states that she did not receive any degree, certification, or accreditation from Cornell University.

INTERROGATORY NO. 5: State all facts You rely upon to support your claim that You are entitled to discharge the student loans at issue in the Complaint.

Answer: Plaintiff objects to this interrogatory as overbroad and calling for a narrative. Plaintiff refers Defendant to the Complaint and to these discovery responses.

INTERROGATORY NO. 6: Identify all student loans You obtained from Education Investment Company ("Ed-Invest"), and for each such loan identify: (i) the amount of the loan; (ii) the date the debt was incurred; and (iii) the use of the loan proceeds.

Answer: Plaintiff states that she received two loans that were acquired by Education Investment Company. The first was for $25,844.44 with a disbursement date of September 4, 2008. The second was for $15,825.96 with a disbursement date of January 5, 2009. Plaintiff states that the funds were used for expenses associated with attending St. George University School of Veterinary Medicine.

INTERROGATORY NO. 7: If you deny any of the Requests for Admission, for each such denial state the factual and legal basis for Your denial.

Answer: No requests were denied.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1: All documents identified, referred to, or relied on in formulating answers to the foregoing Requests for Admission and Interrogatories.

Answer: See attached.

REQUEST NO. 2: All documents and communications referencing, referring to, or relating to, the purpose or intent of the student loan proceeds for St. George University School of Veterinary Medicine.

Answer: See attached.

REQUEST NO. 3: All documents relating to the loans at issue in the Complaint, including loan applications, correspondence, and promissory notes.

Answer: See attached.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that my forgoing answers are true and correct.

Executed on Apr 23, 2025.

_____
Maria Christine Warren

As to Form:
s/ Heidi N. Miller
Heidi N. Miller (WI# 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

   Maria Christine Warren,                            Case No. 24-24160-rmb
                                                  Chapter 7
                   Debtor.

Maria Christine Warren,
                        Plaintiff,
   v.                                        Adversary No. 24-2151-rmb

Saint Georges University, LTD,
Education Investment Company, LLC,
Navient Corporation, CU REVL LLC,
And United States Department of Education,

                        Defendants.

## CU REVL, LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, CU REVL, LLC ("<u>CU REVL</u>" or "<u>Defendant</u>"), by its attorneys, Beck, Chaet, Bamberger & Polsky, S.C., pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable through Rules 7033 and 7034 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), hereby submits its response to Maria Christine Warren's ("<u>Warren</u>" or "<u>Plaintiff</u>") First Request for Interrogatories and Requests for Production (the "<u>Plaintiff's Discovery Requests</u>" or "<u>Requests</u>").

## **GENERAL OBJECTIONS**

The following objections apply to each and every response to the Requests, whether or not expressly stated in response to any particular request:

    1.    Defendant objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Documents subject to such privilege or immunity will not be produced.



Inadvertent disclosure of privileged information or documents by Defendant shall not constitute a waiver of any applicable privilege.

2. Defendant objects to the Requests, including any definitions and instructions thereto, to the extent that they seek to impose burdens or obligations beyond those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable rules or Court orders.

3. Defendant objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative or not reasonably calculated to lead to the discovery of evidence that will be admissible at any trial of this matter.

4. Defendant objects to the Requests to the extent they seek information irrelevant to the subject matter involved in the pending action.

5. Defendant objects to the Requests to the extent that they seek information and/or documents not within its possession, custody or control, or to the extent that they seek information available in the public domain, which is as easily accessible to Plaintiff as to Defendant, or to the extent that they seek information or documents that are in the possession, custody or control of Plaintiff.

6. Defendant objects to these Requests on the grounds that they are overly broad and unduly burdensome, as no time period is stated for which responsive documents are requested.

7. All of Defendant's responses to each specific Request are subject to these General Objections, whether or not Defendant refers to any, all or none of these General Objections in specific responses.

8. Defendant objects to the extent that the Requests are directed to other defendants in the above-referenced action.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all individuals who participated in any way in the responses to any of the following interrogatories and requests for production and the position held by that individual.

**ANSWER**: Subject to Defendant's objections, the following individuals participated in responding to the Requests:

Julie Crofoot
Chief Administrative Officer
CU Revl LLC

Lance Teinert
Chief Executive Officer
CU Revl LLC

**INTERROGATORY NO. 2**: Are the answers to these discovery requests based upon the personal knowledge of the person answering? If not, state which answers are based on personal knowledge and the source of the information upon which the answer is based.

**ANSWER**: Subject to Defendant's objections, answers to Interrogatory Nos. 4 - 8 are not based on personal knowledge, and all such information was provided by the party from which Defendant purchased the loans, Education Investment Company, LLC ("Ed-Invest"):

**INTERROGATORY NO. 3**: In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances regarding CU REVL, LLC obtaining the loans at issue.

**ANSWER**: Defendant objects to this Interrogatory on the grounds that it is irrelevant to the subject-matter of this litigation and will not lead to the discovery of information that is relevant to the subject-matter of this litigation. Defendant, therefore, will not respond to this Interrogatory, other than to state that it acquired the loans on December 18, 2020.

**INTERROGATORY NO. 4**: Identify the name of the company or individual who originated the loans at issue.

**ANSWER**: Subject to Defendant's objections and upon information and belief, Ed-Invest originated the loans at issue.

**INTERROGATORY NO. 5**: Identify the name of the company or individual who funded the loans at issue.

**ANSWER**: Subject to Defendant's objections and upon information and belief, Richland State Bank funded the loans at issue.

**INTERROGATORY NO. 6**: Regarding the loans at issue, was Ed-Invest for profit or nonprofit?

**ANSWER**: Subject to Defendant's objections and upon information and belief, Ed-Invest was a for-profit institution.

**INTERROGATORY NO. 7**: Regarding the loans at issue, was the originator of the loans for profit or nonprofit?

**ANSWER**: Subject to Defendant's objections and upon information and belief, the originator of the loans at issue, Ed-Invest, was a for-profit institution.

**INTERROGATORY NO. 8**: Regarding the loans at issue, was the funder of the loans for profit or nonprofit?

**ANSWER**: Subject to Defendant's objections and upon information and belief, the institution that funded the loans at issue, Richland State Bank, was a for-profit institution.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: All documents identified, referred to, or relied on in formulating answers to the foregoing interrogatories.

**RESPONSE**: Subject to Defendant's objections, Defendant produces all documents in its possession or control that are responsive to this Request.

**REQUEST NO. 2**: Documentation showing the originator of the loans at issue.

**RESPONSE**: Subject to Defendant's objections, Defendant produces all documents in its possession or control that are responsive to this Request.

**REQUEST NO. 3**: Documentation showing the funder of the loans at issue.

**RESPONSE**: Subject to Defendant's objections, Defendant produces all documents in its possession or control that are responsive to this Request.

**REQUEST NO. 4**: Documentation showing the nonprofit status for any entity involved with the loans at issue.

**RESPONSE**: Subject to Defendant's objections, Defendant does not have any documents in its possession or control that are responsive to this Request.

Dated this 15th day of May 2025.

BECK, CHAET, BAMBERGER & POLSKY, S.C.

By: _____*/s/ Devon J. Eggert*_____
Devon J. Eggert, Esq.
Attorney for the CU REVL, LLC
Two Plaza East, Suite 1085
330 East Kilbourn Avenue
Milwaukee, WI 53202
Tel: 414.390.5928
Fax: 414.273.7786
deggert@bcblaw.net

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have read the foregoing Responses to Plaintiff's First Discovery Requests and that the same are true and correct to the best of my information, knowledge and belief, except as to matters therein stated on information and belief, and as to such matters I believe the same to be true.

Signature: _/s/ Julie Crofoot_

By: Julie Crofoot

Position: Chief Administrative Officer